THE STATE, IRVING W. HERRMAN, PROSECUTOR, v. JESSE PRATT, MAYOR OF CAMDEN.

Section 1 of the ordinance of the city of Camden, concerning inns and taverns and saloons, and the sale of intoxicating liquors, does not prohibit the sale of liquor in less quantity than one quart, to be taken from the premises where sold.

On *certiorari*.

Argued at November Term, 1889, before Justices VAN SYCKEL, MAGIE and GARRISON.

For the plaintiffs, *Scovel & Harris.*

For the defendant, *J. Willard Morgan.*

The opinion of the court was delivered by

VAN SYCKEL, J.    The complaint in this case charges the defendant below with selling liquor by less measure than one quart without license, and allowing the same to be carried off the premises, contrary to an ordinance of the city of Camden, passed May 20th, 1889, as follows:

An ordinance concerning inns and taverns and saloons and the sale of intoxicating liquors in the city of Camden.

SECTION 1.  Be it ordained by the board of excise commissioners of the city of Camden, that no person or persons shall sell, offer or expose for sale or deliver, at any place within the city of Camden, any spirituous, vinous, malt or brewed liquors in quantities less than one quart, to be drunk on or about the premises where sold, without a license first had and obtained as directed by this ordinance; and any person or persons selling, or offering or exposing for sale any of the liquors aforesaid in quantities less than one quart, without a license first had and obtained, shall pay a fine of fifty dollars and costs of prosecution, or in default thereof be committed to the county jail for a period of three months.

The defendant, on the trial, produced a certificate of license to sell by retail from the board of excise of the city of Camden.    It was admitted that the license was duly granted, but the defendant was convicted because he permitted the liquor to be taken from the premises.

The Camden ordinance is similar in language to the first section of the act of March 20th, 1889.   *Pamph. L., p.* 77. It has been held at some of the Circuits, that a license under this law to sell by less measure than one quart authorizes the sale only to be drunk on the premises where sold.   *N. J. L. J.* (1889) 155, 158.

Upon this construction of the act of 1889, the defendant in. *certiorari* rests the legality of the judgment below.

The question for decision in this case is not, whether it is. unlawful to sell liquor by the small measure, to be carried off the premises.

The Crimes act (*Rev., p.* 237, *pl.* 60) makes it an indictable· offence to sell in less quantity than one quart without license· first had and obtained.

The complaint in this case is based wholly upon the city· ordinance, and the question is, whether the defendant below has committed any unlawful act, for which the penalty prescribed by the ordinance may be imposed upon him? He may be· indictable or otherwise punishable, yet, if he has not violated the ordinance, the conviction cannot be supported.

The entire scope of the ordinance is, that no person shall sell in quantities less than one quart, to be drunk on or about the premises where sold, without license first had.

There is no prohibition in the ordinance of sales by less measure than one quart, to be taken from the premises.

The defendant had license to sell by less measure than one· quart, to be drunk on or about the premises, and thereby fully complied with the requirements of the ordinance.

He has done no act in violation of the ordinance, and, therefore, the conviction is illegal, and must be set aside.